# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

Case Nos. 10-3818/10-3821
_____

UNITED STATES ex rel. ROGER L. SANDERS AND ROGER L. THACKER,
Relators-Appellants,

v.

ALLISON ENGINE COMPANY, INC., GENERAL MOTORS CORPORATION,
GENERAL TOOL COMPANY, AND SOUTHERN OHIO FABRICATORS
Defendants-Appellees.

_____

On Appeal from the United States District court
for the Southern District of Ohio
_____

# MOTION TO STAY MANDATE PENDING FILING OF PETITION FOR WRIT OF *CERTIORARI* OF ALL DEFENDANTS-APPELLEES
_____

Glenn V. Whitaker (0018169)
Victor A. Walton, Jr. (0055241)
Michael J. Bronson (0074448)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Great American Tower, Suite 3500
Cincinnati, OH 45201-0236
Telephone: (513) 723-4000
Facsimile: (513) 723-4056

Attorneys for Defendant-Appellee
ALLISON ENGINE COMPANY, INC.

Jeffrey A. Miller, Esq. (0068815)  
Mary C. Henkel, Esq. (0039563)  
Patrick M. Hagan, Esq. (0079927)  
Vorys, Sater, Seymour and Pease LLP  
301 East Fourth Street  
Great American Tower, Suite 3500  
Cincinnati, OH 45201-0236  
Telephone: (513) 723-4000  
Facsimile: (513) 723-4056  

Of Counsel for Defendant-Appellee  
Allison Engine Company, Inc.:  

Gregory A. Harrison, Esq. (0029814)  
Dinsmore & Shohl, L.L.P.  
1900 Chemed Center  
255 East Fifth Street  
Cincinnati, Ohio 45202-3172  
(513) 977-8200 (tel)  
(513) 977-8141 (fax)  

Attorney for Defendant-Appellee  
Southern Ohio Fabricators  

William A. Posey, Esq. (0021821)  
Keating, Muething & Klekamp, PLL  
1800 Provident Tower  
One East Fourth Street  
Cincinnati, OH 45202  
Telephone: (513) 579-6400  
Facsimile: (513) 579-6457  

Attorney for Defendant-Appellee  
General Tool Company

**TABLE OF CONTENTS**

                                                                                           <u>Pages</u>

LEGAL ARGUMENT ............................................................................................ 1

    I.   Defendant's Petition For A Writ Of *Certiorari* Will Present A
         Substantial Question For The Supreme Court's Resolution ............................ 1

         A.   The Court's opinion creates a significant circuit split on the
               retroactivity of the expanded liability provision in § 3729(a)(2). .......... 2

         B.   The retroactivity issue is an important question of federal law. .............. 4

    II.  There Is Good Cause For A Stay Of The Mandate ............................................ 6

CONCLUSION....................................................................................................... 7

CERTIFICATE OF SERVICE............................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Allison Engine Co. v. United States ex rel. Sanders*, 553 U.S. 662 (2008) .............. 2, 5

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) ................................. 5

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047 (9th Cir. 2011) ............................ 4

*Gonzalez v. Fresenius Med. Care N. Am.,* 689 F.3d 470 (5th Cir. 2012) ..................... 4

*Hopper v. Solvay Pharmaceuticals, Inc.,* 588 F.3d 1318 (11th Cir. 2009) .......... 1, 3, 4

*U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 748 F. Supp.2d 95 (W.D. Tex. 2010) ................................................................ 4, 6

*United States ex rel. Baker v. Cmty. Health Sys.*, 709 F. Supp. 2d 1084 (D.N.M. 2010) ................................................................ 6

**STATUTES**

31 U.S.C. § 3729(a)(2) ................................................................ 2, 4

31 U.S.C. § 3729(b)(2)(A) ................................................................ 3

FERA, § 4(f)(1), 123 Stat. 1617 (2009) ................................................ 3, 6

**RULES**

6 Cir. R. 41 ................................................................ 1

Fed. R. App. P. 41(d)(2)(A) ................................................................ 1

Sup. Ct. R. 10(a) ................................................................ 2

Sup. Ct. R. 10(c) ................................................................ 2

**LEGAL ARGUMENT**

Pursuant to Fed. R. App. P. 41(d)(2)(A) and 6 Cir. R. 41, Defendants-Appellees Allison Engine Company, Inc., General Tool Company, and Southern Ohio Fabricators ("Defendants") respectfully move this Court to stay the mandate in the present case, pending Defendants' filing of a petition for a writ of *certiorari* in the United States Supreme Court. Pursuant to Rule 41(d)(2)(A), the mandate should be stayed where the *certiorari* petition presents a substantial question for the Supreme Court's consideration and there is good cause for a stay. Both grounds are present in this case and, thus, the motion should be granted.

**I.     Defendant's Petition For A Writ Of *Certiorari* Will Present A Substantial Question For The Supreme Court's Resolution.**

On November 2, 2012, this Court issued its Opinion reversing the district court's grant of Defendants' motion to preclude retroactive application of an amended liability standard under the False Claims Act ("FCA"). On December 5, 2012, this Court issued its Order denying the Combined Petition for Rehearing and Rehearing *En Banc* of All Defendants-Appellees.

As set forth in Defendants' petition for re-hearing, this Court's opinion directly conflicts with the Eleventh Circuit's opinion in *Hopper v. Solvay Pharmaceuticals, Inc.,* 588 F.3d 1318 (11th Cir. 2009), as well as decisions from the Ninth and Fifth Circuits. Contrary to the Court's opinion in this case, those courts have held that the amendment to 31 U.S.C. § 3729(a)(2) does not apply retroactively to cases, such as

1

this one, that were pending when the amendment was enacted. Because this is an important federal question and the circuit courts are sharply split on this issue, Defendants' *certiorari* petition presents a substantial question for the Supreme Court's resolution. *See* Sup. Ct. R. 10(a) (stating that certiorari may be granted where a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter) and Sup. Ct. R. 10(c) (stating that *certiorari* may be granted where a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by the Supreme Court).

    **A.**    **The Court's opinion creates a significant circuit split on the retroactivity of the expanded liability provision in § 3729(a)(2).**

In *Allison Engine Co. v. United States ex rel. Sanders*, 553 U.S. 662 (2008), the Supreme Court held that relators in FCA cases cannot prevail without proof that the false claim was made with the specific intent of inducing the government to pay a false or fraudulent claim. Following that decision, Congress amended the FCA's liability provision to eliminate the specific intent requirement and impose liability merely on the basis that a record or statement is "material" to a false or fraudulent claim. Congress expressly provided, however, that the expanded liability standard would apply only to "claims" pending on or after June 7, 2008, two days before the Supreme Court issued the *Allison Engine* decision. *See* Fraud Enforcement and

Recovery Act of 2009 [hereinafter "FERA"], Pub. L. 111-21, §4(f)(1), 123 Stat. 1617, 1625.

The Court's Opinion openly acknowledges the existence of a circuit split on interpretation of the word "claims" in FERA § 4(f)(1): "Thus far, the courts to address the issue directly are almost evenly split into those that conclude that 'claims' refers to a claim for payment . . . and those that conclude 'claims' refers to cases." Opinion at 16.

Observing that FERA changed the FCA prohibition against false statements "to get a false or fraudulent claim paid or approved by the government" to a prohibition against making false statements "material to a false or fraudulent claim," the Eleventh Circuit, in *Hopper*, squarely held that the change in the law imposed by FERA retroactively applied only to pending claims for payment, not to pending cases:

> Section 4(f)(1) of the Act [FERA] provides that this change "shall take effect as if enacted on June 7, 2008, and apply to all *claims* ... that are pending on or after that date." *Id*. § 4(f)(1), 123 Stat. at 1625 (emphasis added). We interpret the word "claim" in section 4(f) to mean "any request or demand ... for money or property," as defined by 31 U.S.C. § 3729(b)(2)(A) (as amended May 2009). While this case was pending on and after June 7, 2008, the relators do not allege that any claims, as defined by § 3729(b)(2)(A), were pending on or after June 7, 2008. Therefore, we conclude the Fraud Enforcement and Recovery Act does not apply retroactively to this case.

588 F.3d at 1377 n.3. In following this decision, the Ninth Circuit succinctly, but clearly, adopted the holding and reasoning of *Hopper*:

> These amendments do not apply retroactively to this case. *See Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1327 n.3 (11th Cir. 2009) (explaining non-retroactivity of FCA amendments).

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1051 n.1 (9th Cir. 2011). The Fifth Circuit, in *Gonzalez v. Fresenius Med. Care N. Am.,* 689 F.3d 470, 475 (5th Cir. 2012), likewise affirmed a district court decision rejecting retroactive application of the expanded liability standard to pending cases. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 748 F. Supp.2d 95, 106-108 (W.D. Tex. 2010). In addition, as the Court's Opinion noted, numerous district court decisions agree with the conclusions reached by the Fifth, Ninth and Eleventh Circuits. *See* Opinion at 16 & n.8.

The Court's Opinion departs from these authorities and creates, or deepens, a circuit split. *See also* United States' Motion to Publish Court's Opinion at 2-3 (noting that "the issue [that the Court] decided here has been the subject of conflicting decisions by other Circuits[,]" and that "the Court's opinion here creates a conflict of authority between this circuit and others"). Defendants' petition for writ of *certiorari* will present this substantial question to the Supreme Court.

**B.    The retroactivity issue is an important question of federal law.**

The amendment to § 3729(a)(2) effects a sweeping expansion of the prior law, and the Court's Opinion would apply the expanded liability to hundreds of cases that were pending at the time the amendment was enacted. As noted, the pre-FERA FCA

required proof of an alleged false claimant's purpose—its intent "to get" the government to pay a claim. *Allison*, 553 U.S. at 668-69. To hold otherwise, the Supreme Court concluded, would "transform the FCA into an all-purpose antifraud statute," and could create a penalty or liability for a defendant that stretches "'beyond the natural, ordinary and reasonable consequences of his conduct.'" *Id*. at 672 (quoting *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 470 (2006)). FERA transforms the FCA so that liability may attach to any false statements that were "material to a false or fraudulent claim."

The amendments create liability for penalties and treble damages where a vendor to a government contractor (or subcontractor, or sub-subcontractor) makes a misstatement to another government contractor, without any intent to get the government to pay a claim, and potentially without even causing a loss of government funds. As this case demonstrates, the determination of which standard applies may be dispositive of an entire lawsuit—with tens of millions of dollars in potential damages at stake. Indeed, the Court's Opinion would send this seventeen-year-old case back to trial under a new set of rules.

Beyond its immediate consequences for FCA cases, moreover, retroactive application of the new liability standard creates a grave question of constitutional law: whether applying a brand new standard to impose a substantial penalty—including treble damages and fines—for decades-old conduct violates the

constitution's *ex post facto* clause. Federal courts have also split in their determination of this issue,[1] while other courts have avoided deciding the issue precisely because of the constitutional problem.[2]

The importance of the issue raised by the Court's Opinion, coupled with the split among federal circuits that it creates, raises a substantial question for the Supreme Court's resolution.

## II. There Is Good Cause For A Stay Of The Mandate.

Defendants also submit that there is good cause for a stay of the Court's mandate. Should the Supreme Court reverse the Court's Opinion, this case could be resolved finally in Defendants' favor. If a stay of the mandate is not granted, however, jurisdiction will be returned to the district court, where the case may well proceed to trial before the Supreme Court decides whether to grant *certiorari*. Relators-Appellants required more than four weeks to present their case during the

---

[1] *Compare* Opinion at 32 ("We therefore conclude that the retroactive application of the FCA does not violate the Ex Post Facto Clause's prohibition on retroactive punishments.") *with United States ex rel. Baker v. Cmty. Health Sys.*, 709 F. Supp. 2d 1084, 1112 (D.N.M. 2010) ("In sum, I find that the FCA's statutory scheme is punitive in purpose and effect, that retroactive application of the post-FERA provision, § 3729(a)(1)(B) to Plaintiff's claims in this case would punish Defendants for conduct that was not unlawful at the time Defendants acted, and that as a result, retroactive application of the FERA would violate the Ex Post Facto clause.").

[2] *See, e.g., United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 748 F. Supp. 2d 95, 108 (W.D. Tex. 2010) ("To the extent retroactive application raises constitutional concerns, the foregoing interpretation of FERA § 4(f)(1) has the additional benefit of avoiding the constitutional question.").

previous 2005 trial. Defendants' petition for *certiorari* concerns the standard of liability that would govern the retrial, and a decision in Defendants' favor could negate the need for any retrial. Requiring the parties and the district court to conduct a new trial while Defendants' petition for *certiorari* is pending would cause the parties significant expense and would waste valuable judicial resources.

Because (1) Defendants' petition submits substantial questions for the Supreme Court's resolution and (2) the resolution of those questions in Defendants' favor would clarify the standard of liability in the case and possibly result in dismissal of Relators-Appellants' remaining claims in their entirety, Defendants submit that there is good cause to stay the mandate in this matter pending Defendants' filing of a petition for writ of *certiorari* in the United States Supreme Court.

## CONCLUSION

For the reasons set forth above, Defendant-Appellees Allison Engine Company, Inc., General Tool Company, and Southern Ohio Fabricators respectfully request that this Court stay the issuance of the mandate in this matter pending their filing of a petition of a writ of *certiorari* in the United States Supreme Court.

Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn V. Whitaker (0018169)
Victor A. Walton, Jr. (0055241)
Michael J. Bronson (0074448)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Great American Tower, Suite 3500
Cincinnati, OH 45201-0236
Telephone: (513) 723-4000
Facsimile: (513) 723-4056

Attorneys for Defendant-Appellee
ALLISON ENGINE COMPANY, INC.

Jeffrey A. Miller, Esq. (0068815)
Mary C. Henkel, Esq. (0039563)
Patrick M. Hagan, Esq. (0079927)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Great American Tower, Suite 3500
Cincinnati, OH 45201-0236
Telephone: (513) 723-4000
Facsimile: (513) 723-4056

Of Counsel for Defendant-Appellee
Allison Engine Company, Inc.

Gregory A. Harrison, Esq. (0029814)
Dinsmore & Shohl, L.L.P.
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-3172
(513) 977-8200 (tel)
(513) 977-8141 (fax)

Attorney for Defendant-Appellee
Southern Ohio Fabricators

William A. Posey, Esq. (0021821)
Keating, Muething & Klekamp, PLL
1800 Provident Tower
One East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

Attorney for Defendant-Appellee
General Tool Company

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Glenn V. Whitaker
Glenn V. Whitaker (0018169)